IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


GABRIEL MITCHELL                           )
                                           )
        v.                                 )        NO. 3:13-0523
                                           )
ACOUSTI ENGINEERING CO.                    )



TO:     Honorable Aleta A. Trauger, District Judge


**R E P O R T   A N D   R E C O M M E N D A T I O N**

By Order entered June 6, 2013 (Docket Entry No. 4), the civil action was referred to the

Magistrate Judge to enter a scheduling order for the management of the case, to dispose or

recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to

conduct further proceedings, if necessary, under Rule 72 (b) of the Federal Rules of Civil Procedure,

and the Local Rules of Court.

Presently pending before the Court is the Defendant's motion to dismiss (Docket Entry

No. 14), to which the plaintiff has responded in opposition. See Docket Entry No. 17. Set out below

is the Court's recommendation for disposition of the motion.


**I. BACKGROUND**

The plaintiff is a former employee of Acousti Engineering Company ("Acousti"), a company

that contracts to do interior construction in commercial construction projects. The plaintiff began

working as a laborer for Acousti in the Fall of 2011 and was terminated on April 8, 2013. Three days

later, on April 11, 2013, the plaintiff, who is black, filed a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC") alleging discrimination based on race and national origin (American) because he was not given the same pay raise as a white employee with the same job and because of his termination.  See Docket Entry No. 1, at 9.

On May 29, 2013, the plaintiff filed the instant action pro se and in forma pauperis against Acousti and two Acousti supervisors, Goodwine Pears and Jason Baxter.  He asserted claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq ("Title VII").  His complaint also references constitutional provisions and a claim under 42 U.S.C. § 1983, as well as a claim for "insurance fraud," which is based upon the plaintiff's allegations that Acousti provided false information to the Tennessee Department of Labor and Workforce Development in order to stop his unemployment benefits.

By the Order of referral, the Court granted the plaintiff's application to proceed in forma pauperis and ordered that process issue to Acousti on the plaintiff's Title VII claims.  The Court dismissed the Title VII claims against the individual defendants for failure to state a claim.  By Order entered June 24, 2013 (Docket Entry No. 10), the Court denied the plaintiff's motion (Docket Entry No. 7) to reconsider its Order of June 6, 2013, and reinstate the claims against the two individual defendants.  A summons was delivered to Acousti at 1277 Heil Quaker Blvd, Suite B, LaVergne, Tennessee.  See Docket Entry No. 5.  The summons was accepted by Melanie Newberry on June 14, 2013.  See Docket Entry No. 9.

On July 5, 2013, Defendant Acousti filed the pending motion to dismiss raising four grounds for dismissal: 1) the Complaint has not been properly served because, instead of the Summons and Complaint being sent to Acousti's registered agent for service of process, they were mailed to Acousti at its business address and accepted by a receptionist not authorized to accept service of process; 2) the Complaint fails to state a claim under 42 U.S.C. § 1983 because there are no allegations that

any state actors were involved; 3) the plaintiff's Title VII claims are premature because the plaintiff

has not yet exhausted his administrative remedies and received a right-to-sue letter from the EEOC;

and 4) the Court lacks subject matter jurisdiction over the allegations of "insurance fraud." See

Memorandum in Support (Docket Entry No. 15).

In his response in opposition (Docket Entry No. 17), the plaintiff does not dispute the

Defendant's assertion that the attempted service of process upon Acousti was improper, but appears

to contend that any error in process should be excused because, as a plaintiff proceeding in forma

pauperis, the Court was the entity that served process on his behalf.  With respect to the arguments

for dismissal of his Section 1983, Title VII, and insurance fraud claims, the plaintiff presents a variety

of somewhat difficult to follow arguments.


## II. ANALYSIS

A motion to dismiss is reviewed under the standard that the Court must accept as true all of

the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the

complaint liberally in favor of the pro se plaintiff.  See  Kottmyer v. Maas, 436 F.3d 684 (6th Cir.

2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829

F.2d 10, 11-12 (6th Cir. 1987).  However, although the complaint need not contain detailed factual

allegations, the plaintiff must provide the grounds for his entitlement to relief and this "requires more

than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating

Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S.

662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

After review of the parties' filings and the record in this action, the Court finds that the motion to dismiss should be granted and this action should be dismissed without prejudice.

Both parties are essentially correct regarding their arguments on the issue of service of process. The service of process that was attempted on Acousti is not sufficient because sending a summons and complaint to a corporation at an address where it could be received by anyone is not a legally sufficient method of serving process upon a corporation. See Rule 4(h)(1) of the Federal Rules of Civil Procedure. However, review of the record in the action indicates that it is more than likely that the summons provided by the plaintiff with his complaint was only partially completed and that the address listed on the summons was inserted by the Clerk's Office in response to the Court's directive that process issue to the Defendant. Nonetheless, this is a matter which is easily cured because service of process can be re-issued to Acousti at its registered agent for service of process in Tennessee, which the Defendant has quite candidly disclosed to be CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710. See Docket Entry No. 15, at 2.

However, even if the faulty service of process were assumed to be cured, dismissal of the action is warranted based on the alternative arguments for dismissal raised by the Defendant. The plaintiff has not set forth any persuasive arguments rebutting the motion to dismiss his claims.

To the extent that the plaintiff attempts to assert a claim under Section 1983, such a claim fails because there are no allegations that the Defendant acted under color of state law, which is an essential requirement for any claim brought under Section 1983. See Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct. 2764, 73 L.Ed.2d 418 (1982); Flagg Bros, Inc. v. Brooks, 436 U.S. 149, 155, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978).

With respect to the plaintiff's Title VII claims, a plaintiff proceeding under Title VII must file a charge of discrimination with the EEOC and receive a right-to-sue letter before commencing

litigation.  See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f).  This requirement serves to trigger an

investigation into the alleged discrimination as well as conciliatory procedures.  See Cleveland

Branch, N.A.A.C.P. v. City of Parma, 263 F.3d 513, 534 (6th Cir. 2001).  The plaintiff has not shown

that he has received a right to sue letter or shown any other basis which would excuse the apparent

lack of administrative exhaustion of his Title VII claims.  His Title VII claims are simply not ripe yet

for inclusion in a lawsuit.

Finally, the Court agrees with the Defendant that the plaintiff's general assertion of

"insurance fraud" is so vague and undefined that it neither alerts the Court or the Defendant to a

recognizable cause of action nor establishes any basis upon which federal jurisdiction can be asserted.

Although the Court is required to view the plaintiff's pleadings liberally because of his pro se status,

see  Boag v. McDougall, 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982), this does not

require the Court to conjure up unpled facts or to decipher and construct legal claims for the plaintiff

which are not actually asserted in the complaint.  See Wells v. Brown, 891 F.2d 591, 594 (6th Cir.

1990).  More than bare assertions of legal conclusions or personal opinions are required, Iqbal, supra,

and the plaintiff's factual allegations, assumed to be true, "must do more than create speculation or

suspicion of a legally cognizable cause of action; they must show entitlement to relief."  League of

United Latin Am. Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007) (citing Twombly, 550 U.S.

at 555).  The plaintiff's complaint simply fails in this basic requirement.


# RECOMMENDATION

Accordingly, the Court respectfully RECOMMENDS that the Defendant's motion to dismiss

(Docket Entry No. 14) be GRANTED and this action BE DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,


JULIET GRIFFIN
United States Magistrate Judge