IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GABRIEL LEE MITCHELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:13-cv-0523 |
| | ) |
| | )    Judge Trauger |
| ACOUSTI ENGINEERING COMPANY, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION

Before the court is the plaintiff's Motion for Review (ECF No. 23), which the court construes as objections to the Report and Recommendation ("R&R") filed by Magistrate Judge Juliet Griffin (ECF No. 19), recommending that the motion to dismiss (ECF No. 14) filed by defendant Acousti Engineering Company be granted, and that the claims against the defendant Hall be dismissed without prejudice.

The plaintiff also objects to the magistrate judge's entry of a separate order denying his discovery-related motions that were pending at the time the R&R was entered. (ECF No. 18.) The magistrate judge denied these motions as moot upon issuing her recommendation that the complaint be dismissed without prejudice, but noted that the plaintiff had permission to refile the motions if the recommendation to dismiss this action was rejected.

Finally, the plaintiff also filed his own "motion for summary judgment" (ECF No. 24), shortly after he filed his Motion for Review. In this motion, he asserts (without introducing any admissible evidence) that Acousti has sent him a check for $25, which the plaintiff construes as an admission that Acousti engaged in insurance fraud.

**I.    Standard of Review**

The standard of review applied to objections to a magistrate judge's ruling depends on whether the ruling concerns a dispositive or non-dispositive matter. When a party files objections to a magistrate judge's report and recommendation regarding a dispositive motion, the district court must review *de novo* any portion of the report and recommendation to which objections are lodged. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the

recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Because the plaintiff here has filed a timely objection to the recommendation that his complaint be dismissed, the court reviews the R&R and motion to dismiss *de novo*.

With respect to the plaintiff's objection to the order denying his pretrial discovery motions, all non-dispositive matters, Rule 72 provides that, in considering objections to such orders, the district court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The clearly-erroneous standard "mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. In the absence of clear error, the magistrate's order must stand." *Farley v. Farley*, 952 F. Supp. 1232, 1235 (M.D. Tenn. 1997) (Wiseman, J.) (internal citations omitted).

## II. Factual and Procedural Background

The plaintiff originally brought suit against his former employer, Acousti Engineering Company ("Acousti"), and two individual supervising employees, Jason Baxter and Goodwine Pears. The plaintiff worked for Acousti from the Fall of 2011 until he was fired on April 8, 2013. He filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") three days later, on April 11, 2013, alleging discrimination on the basis of race and national origin (American) because of his termination and because, prior to his termination, he was not given the same pay raise as a white employee with the same job.

The plaintiff filed this action, *pro se* and *in forma pauperis*, on May 29, 2013, asserting claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1965, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), as well as vague claims under 42 U.S.C. § 1983 for violations of his constitutional rights, and for "insurance fraud," based on the plaintiff's allegations that Acousti terminated his insurance coverage effective March 31, 2013 but continued to take money from his paycheck for insurance payments through April. (Complaint, ECF No. 1, at 4.) He further alleges that Acousti, through the plaintiff's supervisor, Goodwine Pears, "falsified insurance reports" (*id.*) and "forward[ed] false reports to the Tennessee Department of Labor and Workforce Development as to why [the plaintiff] was terminated

from [his] job." (*Id.* at 5.) Pears allegedly reported falsely that the plaintiff's medical condition was not serious enough to warrant his leaving work, for the purpose of terminating the plaintiff's unemployment benefits. (*Id.* at 6.)

In the order conducting the initial review of the complaint, the court dismissed the Title VII claims against the individual supervisors for failure to state a claim but allowed the Title VII claim to proceed against Acousti. The court subsequently denied the plaintiff's motion to reconsider the dismissal of the claims against the individual defendants.

Pursuant to the initial order, the Clerk's office issued process and attempted to serve Acousti by certified mail at the address provided by the plaintiff, 1277 Quaker Blvd., Suite B, Lavergne, Tennessee. (Complaint at 2.) The summons was accepted by Melanie Newberry on June 14, 2013. (*See* ECF No. 9.)

Acousti filed its motion to dismiss (ECF No. 14) on July 5, 2013, asserting four grounds for dismissal: (1) that the complaint was not properly served upon it, because it was mailed to Acousti at its business address instead of being served upon Acousti's registered agent for service of process; (2) the complaint fails to state a claim under 42 U.S.C. § 1983, because Acousti is not alleged to be a state actor; (3) the plaintiff's Title VII claims are premature because the plaintiff has not exhausted his administrative remedies and did not receive a right-to-sue letter from the EEOC; and (4) the court lacks subject-matter jurisdiction over the allegations of insurance fraud. (*See* Memo. in Supp. of Mot. to Dismiss, ECF No. 15.)

### III.     The Report and Recommendation

In her R&R, Magistrate Judge Griffin first noted correctly that, in ruling on a motion to dismiss, the court must accept as true all allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the *pro se* plaintiff. (ECF No. 19 (citing *Kottmyer v. Maas*, 436 F.3d 684 (6th Cir. 2006); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 11–12 (6th Cir. 1987)). The magistrate judge then concluded that:

(1) Service had not been properly effected on Acousti, but this failure did not warrant dismissal of the action. Instead, the defect in service could easily be cured be reissuing the summons and serving Acousti through its registered agent, whose address Acousti provides in its motion. The magistrate judge also found that curing this problem would be futile, because dismissal was appropriate based on Acousti's other arguments.

(2) The plaintiff's claims under 42 U.S.C. § 1983 were subject to dismissal for failure to state a claim for which relief could be granted, because the plaintiff failed to show that Acousti was a "state actor" or acted under color of stated law.

(3) The plaintiff's Title VII claims were subject to dismissal without prejudice as unripe, because the plaintiff had not yet received a right-to-sue letter from the EEOC, meaning he filed his complaint prematurely.

(4) Finally, the plaintiff's "insurance fraud" claim was not pleaded with sufficient clarity or particularity to alert the court or the defendant to a recognizable cause of action, and the plaintiff failed to establish any basis for the exercise of federal jurisdiction over this claim.

On the basis of these findings, Magistrate Judge Griffin recommends that the complaint be dismissed without prejudice.

## IV. The Plaintiff's Objections and the Court's Conclusions of Law

### A. Ineffective Service of Process

The plaintiff objects to the magistrate judge's finding that Acousti was not properly served, but his legal arguments are not on point. The court concludes, in any event, that the objection is moot, because the magistrate judge did not recommend dismissal based on the failure to effect service on Acousti. Rather, Magistrate Judge Griffin noted that this defect was readily curable. She did not recommend reissuance of the summons and service on Acousti, but only because she recommends dismissal of the complaint on other grounds. Because the court agrees that the failure to effect service appropriately on Acousti does not constituted grounds for dismissal in this case, the court will accept the magistrate judge's conclusion. The plaintiff's objection to the magistrate judge's finding will be overruled.

### B. The Plaintiff's § 1983 Claim

The plaintiff objects to the magistrate judge's recommendation that his § 1983 claim be dismissed, but he does not address her conclusion that Acousti is not shown to be a state actor. Instead, he argues that he was not required to exhaust administrative remedies before filing an action under § 1983.

Section 1983 allows individuals to bring a federal lawsuit against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or

federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n.3 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir. 1996). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2002) (citations omitted); 42 U.S.C. § 1983.

In other words, a plaintiff generally cannot sue a private company or individual for violations of his constitutional rights. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Rather, he can only bring a claim against a state actor or person acting "under color of state law" for violations of his constitutional rights. There are exceptions to this rule, but they are very narrow. For instance, a plaintiff may be able to bring a § 1983 action against a private individual if he shows that the private citizen acted corruptly in concert with a state official. *Tahfs*, 316 F.3d at 591. Alternatively, to make out a claim that a private person is acting under the color of state law, the plaintiff must be able to satisfy one of three tests utilized by the Sixth Circuit: the public function test, the state compulsion test, or the nexus test. *Id.*

> The public function test 'requires that the private entity exercise powers which are traditionally exclusively reserved to the state'. . . . The state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state. Finally, the nexus test requires a sufficiently close relationship (i.e., through state regulation or contract) between the state and the private actor so that the action taken may be attributed to the state.

*Ellison v. Garbarino*, 48 F.3d 192, 195 (6th Cir. 1995) (quoting and citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)).

The plaintiff in this case does not remotely allege facts suggesting that the defendant was in a conspiracy with a state actor, or that the defendant qualifies as a state actor under any of the above-referenced tests. Because the plaintiff has failed to show that Acousti acted under color of state law, which is a necessary element of a claim under § 1983, the court finds that the plaintiff's § 1983 claim is subject to dismissal for failure to state a claim for which relief may be granted.

The plaintiff's objection to the magistrate judge's finding will therefore be overruled, and the court will accept the magistrate judge's conclusion that this claim is subject to dismissal without prejudice.

### C. The Plaintiff's Title VII Claim

As set forth above, the magistrate judge recommends that the plaintiff's Title VII claim be

dismissed without prejudice, but only because it was filed too soon—before the plaintiff received a right-to-sue letter from the EEOC. A dismissal without prejudice means that the plaintiff would have the ability to refile his suit once he received the letter, if he did so within the statute of limitations. The plaintiff states that he does not actually object to the dismissal of his Title VII claim on the basis that it is premature.

The court agrees that the issuance of a right-to-sue letter is a statutory prerequisite to the ability to bring suit under Title VII. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798 (1973) ("Respondent satisfied the jurisdictional prerequisites to a federal action (i) by filing timely charges of employment discrimination with the Commission and (ii) by receiving and acting upon the Commission's statutory notice of the right to sue, 42 U.S.C. §§ 2000e-5(a) and 2000e-5(e)."); *Zipes v. Transworld Airlines, Inc.*, 455 U.S. 385, 393 (1982) (exhaustion of administrative remedies is a statutory prerequisite to a plaintiff's ability to maintain an employment discrimination suit under Title VII). Because there is no dispute that the plaintiff has not yet obtained a right-to-sue letter, dismissal without prejudice is the appropriate remedy. *Cf. McCarthy v. First Am. Title Ins. Co.*, No. 1:05-cv-409, 2006 WL 1207995, at *5 (W.D. Mich. May 1, 2006) (dismissing Title VII claim without prejudice); *Brewer v. Cleveland Mun. Sch. Dist.*, 84 Fed. App'x 570, 571 (6th Cir.2003) (affirming dismissal without prejudice for failure to obtain notice of right-to-sue).

The magistrate's recommendation that the Title VII claim be dismissed without prejudice is therefore accepted.

### D. The Plaintiff's "Fraud" Claim

The plaintiff objects to the dismissal of his insurance-fraud claim, but the basis for his objection is his contention that he should have been permitted to perform discovery to adduce proof to support this claim, and that the magistrate judge erred in denying as moot the plaintiff's other motions that were pending at the time the R&R was entered. The objection to the dismissal of these motions is addressed below. The plaintiff does not attempt to clarify his allegations pertaining to fraud or otherwise to respond to the magistrate judge's specific findings regarding his fraud claim.

Reviewing the complaint and the defendant's motion *de novo*, the court finds that the plaintiff's fraud claim is subject to dismissal on any one of a number of grounds. First, the plaintiff does not allege any basis for federal jurisdiction over his fraud claim. The federal courts are courts of limited jurisdiction

and may exercise jurisdiction over claims only to the extent they arise under federal law, 28 U.S.C. § 1331, or are premised on diversity of citizenship and meet the requirements of 28 U.S.C. § 1332. The plaintiff does not indicate that his fraud claim arises under federal law for purposes of federal-question jurisdiction. Even assuming there is diversity of citizenship in this case, the plaintiff here does not allege any damages arising from his fraud claim. The exercise of jurisdiction under § 1332 is therefore not appropriate either. Moreover, although supplemental jurisdiction is permitted by 28 U.S.C. § 1367, this court, having concluded that the plaintiff's federal claims must be dismissed, declines to exercise supplemental jurisdiction over the state-law fraud claim. Finally, irrespective of the jurisdictional defects, the plaintiff does not appear to allege the elements of fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.

For all these reasons, the court finds that the fraud claim is subject to dismissal without prejudice. The plaintiff's objections to the magistrate judge's recommendation in that regard will therefore be overruled, and the magistrate judge's recommendation accepted.

### E. The Plaintiff's Discovery Motions

The plaintiff objects to the magistrate judge's denial of the plaintiff's discovery-related motions, including the plaintiff's Motion to Subpoena Witness (ECF No. 8), Request to Obtain Interrogatories (ECF No. 12), Motion for Discovery (ECF No. 13), and Motion Request to Obtain Interrogation (ECF No. 16). The plaintiff insists that the denial of these motions, and the dismissal of his fraud claim prior to permitting him to conduct discovery, violates his Sixth Amendment right to access the court. (ECF No. 23, at 3.)

The plaintiff misapprehends the nature of his right to access the courts. In denying his various discovery-related motions, the magistrate judge determined that the allegations in the plaintiff's complaint, accepted as true for purposes of ruling on the motion and viewed in the light most favorable to the plaintiff, without requiring supporting proof, failed to establish that the plaintiff was entitled to judgment in his favor. Because the magistrate judge recommended dismissal of the complaint on that basis, she denied the discovery-related motions as moot, meaning that if the complaint was indeed dismissed for failure to state a claim for which relief could be granted, then the plaintiff would have no need to conduct discovery. Alternatively, if this court rejected the recommendation that the complaint be dismissed, the plaintiff would have the ability to refile his motions.

As set forth above, the court finds that the defendant's motion to dismiss should be granted and this action dismissed without prejudice. Accordingly, the plaintiff's motions for discovery have been rendered moot. The magistrate judge's dismissal of the motions was not clearly erroneous, and the plaintiff's objections will, again, be overruled.

## V.     The Plaintiff's Motion for Summary Judgment

The court has determined, as set forth herein, that the defendant's motion to dismiss should be granted, and that this action must be dismissed without prejudice. The plaintiff's motion for summary judgment does not comply with the Federal Rules of Civil Procedure or with the local rules of court, and in any event is rendered moot by the granting of the defendant's motion to dismiss. The motion for summary judgment will terminated as moot.

## V.     Conclusion

For the reasons set forth herein, an order will enter overruling the plaintiff's objections to the R&R, accepting the magistrate judge's recommendation, and dismissing the remaining claims in this action without prejudice. The court also rejects the plaintiff's request that the order denying the plaintiff's discovery-related motions be modified or set aside, as the magistrate judge's order was not clearly erroneous. Finally, the motion for summary judgment will be terminated as moot.

An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge